In re the ELI WITT COMPANY, Debtor.

Bankruptcy No. 96–15441–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 28, 1997.

Robert A. Soriano, Tampa, FL, for debtor Eli Witt Co.

U.S. Trustee, Tampa, FL.

Robert A. Schatzman, Miami, FL.

Stuart Hertzberg, Detroit, MI.

John M. Christenson, Minneapolis, MN.

## ORDER ON APPLICATION OF THE UNITED STATES FIRE INSURANCE COMPANY FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND DEBTOR'S OBJECTION TO APPLICATION FOR ADMINISTRATIVE EXPENSES OF THE UNITED STATES FIRE INSURANCE COMPANY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case, and the matter under consideration is an Application for Allowance of Administrative Expense Claim pursuant to Section 503(b) of the Bankruptcy Code. The Application is filed by the United States Fire Insurance Company (Insurance Company) in the Chapter 11 case filed by The Eli Witt Company (Debtor). The Application is challenged by the Debtor who filed an Objection to the Application contending that the claim of the Insurance Company is not entitled to administrative expense priority pursuant to Section 503(b) of the Bankruptcy Code.

In its Application, the Insurance Company requests an allowance of an administrative expense claim against the Debtor's estate for expenses incurred by the Insurance Company in providing the Debtor with insurance coverage during he Debtor's bankruptcy case. The Insurance Company asserts an administrative expense claim in the approximate amount of $3,900,000.00 for the projected total amount of advanced deductible payments for which the Insurance Company have not been and will not be reimbursed. This amount includes (a) claims that the Insurance Company actually paid arising from

prepetition accidents; (b) estimated claims that the Insurance Company may pay in the future arising from prepetition accidents; (c) claims that the Insurance Company paid arising from postpetition accidents; and (d) estimated claims that the Insurance Company may pay in the future arising from postpetition accidents. The Insurance Company also seeks an administrative expense claim for any missed premium payments on the grounds that this amount represents a postpetition expense in providing insurance coverage which is an actual and necessary cost of preserving the Debtor's estate, thus, entitled as a claim under 11 U.S.C. § 503(b).

The Court heard argument of counsel, has considered the record including the stipulated facts, and based on the foregoing, now finds and concludes as follows:

For several years prior to the commencement of this Chapter 11 case, the Insurance Company serviced the insurance needs of the Debtor and provided the Debtor with several insurance policies, including a workers' compensation policy. At the time relevant, the Debtor was covered by Workers' Compensation Policy No. 406–005174, which was issued prepetition, and the Debtor is still covered by this policy. Under this policy, the Debtor is required to pay the premium installment payments specified in the insurance contract. The Insurance Company is required to pay the claims in full on behalf of the Debtor, if found to be valid, including the deductible payments ultimately required to be paid by the Debtor (Advanced Deductible Payments). The policy also requires the Debtor to reimburse the Insurance Company for the Advanced Deductible Payments up to $250,000 per occurrence. Although the Debtor has kept current on its obligation to pay the premium installment payments, it has failed to pay the additional charges for processing claims and has also failed to reimburse the Insurance Company for the Advanced Deductible Payments made for claims actually paid out since November 12, 1996, the date of the commencement of this case, for on the job injuries, incurred by employees of the Debtor insured by the policy, which have occurred postpetition. The relevant portion of the workers' compensation policy provides that the Debtor must reimburse the Advanced Deductibles paid by the Insurance Company, up to $250,000 per occurrence, within 30 days from the date the invoice is sent by the Insurance Company to the Debtor.

The Insurance Company's basis for its claim is this last recited provision of the workers' compensation contract. According to the Insurance Company, its "claim" arose when it made the demand for reimbursement and not at the time when the employee's accident or injury occurred. The Insurance Company points out a well recognized and established proposition that the insurance policy is a contract between the insured and the carrier, and that it should be construed by interpreting the clear terms bargained for by the parties with the plain language of the contract governing.

It is the contention of the Insurance Company that its postpetition demands for reimbursement arising from prepetition accidents constitute an administrative expense claim because the invoice mailed postpetition is an indispensable element of its "claim." As part of its administrative claim, the Insurance Company claims approximately $607,938 in insurance claims for which the Insurance Company demanded reimbursement postpetition but which arose from accidents or occurrences which occurred prepetition.

In addition, the Insurance Company asserts that it is entitled to an administrative expense claim for claims it estimates it will have to pay in the future due to accidents or occurrences which have already occurred prepetition, but for which claims have not yet been paid nor will be paid by confirmation of the Debtor's Plan of Reorganization. Further, the Insurance Company asserts an administrative expense claim for claims it calculates it will have to pay in the future due to accidents or occurrences which occurred postpetition, but which it will not have actually paid by confirmation of the Debtor's Plan of Reorganization.

The Debtor concedes that the Insurance Company is entitled to the allowance of an administrative expense claim for Advanced Deductible Payments actually paid on behalf of the Debtor, but only for

claims made by covered employees for on the job injuries which occurred postpetition. However, the Debtor contends that the Insurance Company is not entitled to an administrative expense claim for Advanced Deductible Payments made postpetition or invoiced postpetition if the payment was made on account of a claim by a covered employee for an on the job injury which occurred prepetition. According to the Debtor, the Insurance Company's claim for these payments are only general unsecured claim because its claim arose prepetition i.e. when the injury occurred. The Debtor also contends that the claim of the Insurance Company based on an estimate of its possible future liability is grossly exaggerated and highly speculative. Thus, the Debtor asserts that it would be improper to allow any part of the estimated, potential future claims because of the radically changed circumstances.

In this connection, the Debtor points out that since the commencement of this case, the Debtor has reduced the number of its employees from approximately 800 employees down to fifteen employees, thus, greatly reducing the Insurance Company's possible future exposure to workers' compensation claims. Based on the foregoing, the Debtor contends that since the Petition was filed on November 12, 1996, through April 30, 1997, the Insurance Company has paid out a total of only $109,198 in Advanced Deductible Payments on account of accidents or occurrences which have occurred postpetition, and this amount is the only amount which might be construed to be an administrative expense under 11 U.S.C. § 503(b). Additionally, only a general unsecured claim for the Advanced Deductible Payments made postpetition or invoiced postpetition should be allowed for claims based on injuries which occurred prepetition.

■ Section 503 of the Bankruptcy Code defines an administrative expense as "the actual, necessary costs and expenses of preserving the estate including wages, salaries, commissions for services rendered after the commencement of the case." Administrative expenses under § 503 "should be narrowly construed in order to maximize the value of the estate preserved for the benefit of all creditors." *In re Colortex Industries, Inc.,* 19 F.3d 1371, 1377 (11th Cir.1994).

■ It cannot be gainsaid that the Insurance Company has claim for at least the amount of the Advanced Deductible Payments actually paid out on behalf of the Debtor as they fall within definition of the term "claim" in § 101(5)(A) of the Bankruptcy Code. Florida Statute § 440.09, a Workers' Compensation Statute which governs the rights of workers who are injured on the job, provides that if the injured party is an employee and suffers an injury arising in the course of his employment, the employee has a compensable claim. FLA. STAT. ch. 440.09 (1995). The question is whether the Advanced Deductible Payments actually paid and/or invoiced postpetition for claims which arose prepetition are entitled to administrative expense priority. In support of the Insurance Company's claim, it relies on the provision in the insurance policy described earlier which provides that the Insurance Company is entitled to be reimbursed thirty days from the date of the invoice, sent by the Insurance Company, demanding payment from the Debtor. The validity of this proposition does not bare close scrutiny and is not supported by well established case law dealing with this subject.

To accept the proposition urged by the Insurance company, one must accept the premise that whether a claim is prepetition or postpetition would be entirely in the control of the Insurance Company. For instance, the Insurance Company could delay the sending of the invoice, and thus, create a claim entitled to an administrative expense out of a claim which clearly arose prepetition. This Court is disinclined to accept this proposition which is not supported by common sense nor by case law. *Guaranty Nat'l Ins. v. Greater Kansas City Transportation,* 90 B.R. 461 (D.Kan.1988); *In re Broaddus Hosp. Ass'n,* 159 B.R. 763 (Bankr.N.D.W.Va. 1993).

By analogy, not in the context of insurance claims there are a long line of respectable authorities which held that a claim due to exposure of a toxic material or a defective

product, where the injury or defect manifested itself postpetition, was a prepetition claim if the event which caused the injury occurred prepetition. *Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198 (4th Cir.1988); *In re Chateaugay Corp.*, 944 F.2d 997 (2nd Cir.1991); *In re National Gypsum Co.*, 139 B.R. 397 (N.D.Tex.1992); *In re Hassanally*, 208 B.R. 46 (9th Cir. BAP 1997).

The claims which arose from prepetition accidents or occurrences but which are paid postpetition and/or are invoiced postpetition, yet prior to confirmation, will be entitled to the same treatment as the other claims which arose from prepetition accidents or occurrences but which were actually paid prepetition and invoiced prepetition. Based on the foregoing, the only claims which would be entitled to an administrative expense priority, together with the expenses incurred in connection with the administration of claims which arose postpetition, are those claims which actually arose from postpetition accidents or occurrences, and which are actually paid by the Insurance Company by confirmation. In effect, the Insurance Company's postpetition demand for reimbursement for claims arising from accidents or occurrences occurring prepetition should be classified as prepetition unsecured claims and not entitled to an administrative expense claim. *Guaranty Nat'l Ins. v. Greater Kansas City Transp.*, 90 B.R. 461 (D.Kan.1988); *In re Broaddus Hosp. Ass'n*, 159 B.R. 763 (Bankr.N.D.W.Va. 1993).

■ As noted above, the majority of the Insurance Company's administrative expense claim represents its estimation of claims it will be required to pay in the future, but will not actually have paid by confirmation. The Insurance Company estimates these future claims against the Debtor based on its own statistical analysis of the likelihood such claims will occur. Section 502(c) provides that contingent or unliquidated claims shall be estimated for the purpose of allowance if the liquidation would unduly delay the administration of the case. There is nothing in this record which would enable this Court to estimate these future claims, therefore, this portion of the Insurance Company's claim cannot be allowed in any amount and should be disallowed without prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application of the United States Fire Insurance Company for Allowance of Administrative Expense Claim be, and the same is hereby, approved in part and disapproved in part. The Insurance Company's claim for missed premium installment payments shall be denied in that the Debtor is current in its payments, as stipulated. However, subsequent premium installment payments are entitled to an administrative priority, as are additional charges for processing postpetition claims. The Insurance Company's postpetition demands for reimbursement for claims from prepetition accidents or occurrences shall be classified as prepetition unsecured claims. The Insurance Company's claims which arose from postpetition accidents and which are actually paid by the date of confirmation are entitled to an administrative expense priority. Finally, the Insurance Company's future contingent claims which have not been paid by confirmation shall be disallowed without prejudice.

It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to the Application for Administrative Expenses of the United States Fire Insurance Company be, and the same is hereby, sustained in that the Debtor is current on its obligation to pay the premium installment payments, the Advanced Deductible Payments on account of prepetition accidents or occurrences are not entitled to administrative priority, and the Advanced Deductible Payments that the Insurance Company may pay in the future are disallowed without prejudice.